UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: _____

DONNA ALVAREZ, on behalf of herself
and all others similarly situated,

    Plaintiff,

v.                                              **CLASS ACTION COMPLAINT**

LOANCARE LLC,                                   **JURY DEMAND**
a Virginia Corporation,

    Defendant.
_____/

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Donna Alvarez brings this action, on behalf of herself and all others similarly situated, against Defendant LoanCare, LLC ("LoanCare") and states:

### NATURE OF ACTION

1. LoanCare is a mortgage servicer specializing in high-risk, high-interest residential loans. While many homeowners pay their mortgage by automatic withdrawal or by mailing a check at the same time every month, sometimes borrowers need to wait until the last minute to make their payment. In that case, they may need to make their mortgage payment by phone or over the internet to ensure that the payment is processed on time. Unfortunately, many unscrupulous lenders and servicers take advantage of consumers in these situations and charge additional and unauthorized "processing fees" in connection with mortgage payments by phone or internet as a means to line their own pockets at the consumer's expense.

2. Such abusive collection practices surrounding "processing fees" have run rampant across the country in recent years. So much so, the Consumer Financial Protection Bureau recently issued its Compliance Bulletin 2017-01[1] cautioning lenders and servicers to "review applicable laws to determine whether they may charge" processing fees, and to "[r]eview underlying debt agreements to determine whether such fees are authorized by the contract."

---

[1] Available at https://files.consumerfinance.gov/f/documents/201707_cfpb_compliance-bulletin-phone-pay-fee.pdf (last accessed April 29, 2020).

3. Despite knowing full well that "processing fees" are not expressly authorized by standard-form mortgages or permitted by law, LoanCare charges its customers extra "processing fees" for making mortgage payments over the phone or online. Not only are these "processing fees" not expressly authorized by the mortgage agreement, they are well in excess of the cost to LoanCare for processing these payments. Upon information and belief, LoanCare has reaped millions of dollars through this secret profit center by charging these extra "processing fees" to struggling homeowners.

4. The question at the heart of this lawsuit is whether LoanCare, by charging its customers extra fees to make their mortgage payments by phone or online, violates the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. §§ 559.55 *et seq.*, the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat. §§ 501.201 *et seq.*, or the mortgage contract itself. This question has the same answer for Plaintiff and each of the borrowers who paid these extra fees. Indeed, some mortgage servicers have settled similar claims on a nationwide class action basis, as in *McWhorter et al. v. Ocwen Loan Servicing, LLC*, 2:15-cv-01831 (N.D. Ala.). There is no doubt that this action involves important and cutting edge legal issues regarding conduct that nearly all banks and mortgage services are doing, now that practices such as receiving kickbacks from force-placed insurance have been prohibited as a result of many lawsuits that were joined in by federal regulators.[2]

---

[2] Plaintiff's counsel has filed multiple action lawsuits regarding these practices and has since spearheaded class action litigation in over 32 nationwide class actions brought against the largest banks or mortgage servicers and the force-placed insurers across the country, reaching 30 settlements to date totaling over $4.2 billion dollars for the proposed nationwide classes of over 5.3 million homeowners. *See e.g.*, *Williams v. Wells Fargo Bank, N.A.,* No. 11-cv-21233 (S.D. Fla.) (final approval granted); *Saccoccio v. JPMorgan Chase Bank N.A.,* No. 13-cv-21107 (S.D. Fla.) (final approval granted); *Diaz v. HSBC Bank (USA), N.A.,* No. 13-cv-21104 (S.D. Fla.) (final approval granted); *Fladell v. Wells Fargo Bank, N.A.,* No. 13-cv-60721 (S.D. Fla.) (final approval granted); *Hamilton v. SunTrust Mortg., Inc.,* No. 13-cv-60749 (S.D. Fla.) (final approval granted); *Hall v. Bank of Am., N.A.,* No. 12-cv-22700 (S.D. Fla.) (final approval granted); *Lee v. Ocwen Loan Servicing, LLC,* No. 14-cv-60649 (S.D. Fla.) (final approval granted); *Braynen v. Nationstar Mortg.*, LLC, No. 14-cv-20726 (S.D. Fla.) (final approval granted); *Wilson v. Everbank,* N.A., No. 14-cv-22264 (S.D. Fla.) (final approval granted); *Montoya v. PNC Bank, N.A.,* No. 14-cv-20474 (S.D. Fla.) (final approval granted); *Almanzar v. Select Portfolio Servicing,* No. 14-cv-22586 (S.D. Fla.) (final approval granted); *Jackson v. U.S. Bank, N.A.,* No. 14-cv-21252 (S.D. Fla.) (final approval granted); *Circeo-Loudon v. Green Tree Servicing, LLC,* No. 14-cv-21384 (S.D. Fla.); *Beber v. Branch Banking & Trust Co.*, No. 15-cv-23294 (S.D. Fla.) (final approval granted); *Ziwczyn v. Regions Bank, No.* 15-cv-24558 (S.D. Fla.) (final approval granted); *McNeil v. Selene*

5.  Plaintiff Donna Alvarez is the owner of a house located at 12034 Butler Woods Cir, Riverview, Florida 33579, which is subject to a mortgage serviced by LoanCare. LoanCare acts as the sub-servicer for loans serviced by Lakeview Loan Servicing LLC. LoanCare performs its servicing obligations under the direction of Lakeview Loan Servicing LLC, which is headquartered in Miami-Dade County, Florida. Pursuant to this arrangement, LoanCare has a uniform practice of charging illegal and improper "processing fees" when payments on the mortgage are made over the phone or online, although neither the mortgage nor Florida Law authorizes those fees. LoanCare has charged these "processing fees" to Plaintiff, who has paid them during the Class Period as defined below. Accordingly, Plaintiff seeks relief for herself and all others similarly situated for violations of the FCCPA, the FDUTPA, for breach of contract, and for unjust enrichment.

## PARTIES

6.  Plaintiff is a citizen and resident of Hillsborough County, Florida and owns property located at 12034 Butler Woods Cir, Riverview, Florida 33579.

7.  Defendant LoanCare is a limited liability company existing and incorporated pursuant to the laws of Virginia with its principal place of business in Virginia Beach, Virginia. Defendant is therefore a corporate citizen of Virginia. It is amenable to service of process c/o C T Corporation System, 1200 South Pine Island Road, Plantation, Florida 33324. LoanCare is the sub-servicer for loans serviced by Lakeview Loan Servicing LLC, whose principal place of business is 4425 Ponce de Leon Blvd, Coral Gables, FL 33146. LoanCare performs its servicing obligations under the direction of Lakeview Loan Servicing LLC.

## JURISDICTION AND VENUE

8.  Plaintiff has standing to bring a claim under the FCCPA and the FDUTPA because she was directly affected by violations of both statutes, was subjected to Defendant's illegal and improper debt collection activities, and suffered injury in fact as a direct consequence of

---

*Finance, LP,* No. 16-cv-22930 (S.D. Fla.); *McNeil v. Loancare, LLC,* No. 16-cv-20830 (S.D. Fla.) (final approval granted); *Edwards v. Seterus, Inc.*, No. 15-cv-23107 (S.D. Fla.) (final approval granted); *Cooper v. PennyMac Loan Servicing*, LLC, No. 16-cv-20413 (S.D. Fla.) (final approval granted). *Strickland, et al. v. Carrington Mortgage Services, LLC*, et al., 16-cv- 25237 (S.D. Fla.) (final approval granted for three separate settlements); *Quarashi et al v. Caliber Home Loans Inc. et al.;* 16-9245 (D.N.J.) (final approval granted).

Defendant's illegal and improper debt collection activities, in the form of unlawful "processing fees" paid.

9. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2)(A) because this is a class action for a sum exceeding $5,000,000.00, exclusive of interest and costs, and in which at least one class member is a citizen of a state different than LoanCare.

10. This Court has personal jurisdiction over LoanCare because LoanCare is authorized to do business and is conducting business throughout the United States, including in Florida. LoanCare services mortgages in Florida, and has sufficient minimum contacts with this State and/or sufficiently avails itself of the markets of Florida, to render the exercise of jurisdiction by this Court permissible.

11. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because Defendant conducts substantial business within this district. Further, upon information and belief, as a result of Defendant's status as a sub-servicer of Lakeview Loan Servicing LLC, located in Coral Gables, Florida, a substantial part of the events giving rise to Plaintiff's claims, including the implementation of the "processing fees," the amount of the "processing fees," and the method of notice for the "processing fees" took place in the Southern District of Florida.

12. All conditions precedent to the institution and maintenance of this action have been performed, excused, waived, or have otherwise occurred.

## FACTUAL ALLEGATIONS

13. Plaintiff is the owner of her home located at 12034 Butler Woods Cir, Riverview, Florida 33579. Plaintiff financed this purchase with a mortgage that was entered into on June 30, 2016. A copy of the mortgage is attached as **Exhibit A** (the "Mortgage").

14. The Mortgage came to be serviced by LoanCare on or around September 1, 2016 and was serviced by LoanCare at all relevant times. The Mortgage does not provide for charging processing fees for making payments online or over the phone. Furthermore, such processing fees are not authorized by Florida state law.

15. Plaintiff was charged these "processing fees" for making a mortgage payment to LoanCare over the phone or online, including in May 2018 and November 2019.

16. Where, like here, neither the contract creating the debt nor any law authorizes the charging of "processing fees," such as those charged by LoanCare, such fees have been held

unlawful when the debt collector retains any portion of the fee instead of passing the entire fee through to the payment processor.

17. LoanCare is the sub-servicer for Lakeview Loan Servicing LLC. Upon information and belief, LoanCare performed its servicing functions, including charging the "processing fees," under the authority of Lakeview Loan Servicing LLC.

18. LoanCare does not pass the entire fee to a payment processor and instead retains a considerable portion thereof. LoanCare fails to mention any third-party payment processor in any documentation available to Plaintiff, including her payment history nor is it disclosed on Defendant's website. It is well known in the payment processing industry that third-party processors such as Western Union charge a small fraction of the amounts LoanCare charges as "processing fees." Defendant's records will demonstrate the exact amount LoanCare retains for each processing fee charged.

## CLASS ACTION ALLEGATIONS

19. As detailed below in the individual counts, Plaintiff brings this lawsuit on behalf of herself and all others similarly situated, pursuant to Rule 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

### A. Class Definitions

20. Plaintiff seeks to represent the following "Florida Classes":

**FCCPA Class:** All individuals in the state of Florida who, during the applicable limitations period, paid a processing fee to LoanCare for making a payment over the phone or online in connection with any residential mortgage loan owned or serviced by LoanCare. All employees of LoanCare, the Court, and Plaintiff's counsel are excluded from this class.

**FDUTPA Class:** All individuals in the state of Florida who, during the applicable limitations period, paid a processing fee to LoanCare for making a payment over the phone or online in connection with any residential mortgage loan owned or serviced by LoanCare. All employees of LoanCare, the Court, and Plaintiff's counsel are excluded from this class.

**Breach of Contract Class:** All individuals in the state of Florida who, during the applicable limitations period, paid a processing fee to LoanCare for making a payment over the phone or online in connection with any residential mortgage loan owned or serviced by

LoanCare. All employees of LoanCare, the Court, and Plaintiff's counsel are excluded from this class.

**Unjust Enrichment Class:** All individuals in the state of Florida who, during the applicable limitations period, paid a processing fee to LoanCare for making a payment over the phone or online in connection with any residential mortgage loan owned or serviced by LoanCare. All employees of LoanCare, the Court, and Plaintiff's counsel are excluded from this class.

21. Plaintiff reserves the right to modify or amend the definition of the proposed Class before or after the Court determines whether such certification is appropriate as discovery progresses.

### B. Numerosity

22. The Class is comprised of hundreds, if not thousands, of customers throughout the state of Florida, many of whom pay their mortgages online or over the phone. The Class is so numerous that joinder of all members of the Class is impracticable. The precise number of class members is unknown to Plaintiff, but is easily identifiable through Defendant's records.

### C. Commonality/Predominance

23. This action involves common questions of law and fact, which predominate over any questions affecting individual class members. These common legal and factual questions include, but are not limited to, the following:

(a) whether LoanCare's practice of charging a "processing fee," which is not authorized by contract or any provision of existing law, violates the FCCPA and FDUTPA;

(b) whether LoanCare's practice of charging a "processing fee," which is not authorized by contract or any provision of existing law, constitutes a breach of Plaintiff's and the class members' mortgage contracts;

(c) whether LoanCare has been unjustly enriched at the expense of Plaintiff and the Class members as a result of LoanCare's charging and collection of "processing fees," which are not authorized by contract or existing law;

(d) whether Plaintiff and Class members have sustained monetary loss and the proper measure of that loss; and

(e) whether Plaintiff and Class members are entitled to other appropriate remedies, including injunctive relief.

D. **Typicality**

24. Plaintiff's claims are typical of the claims of the members of the Florida Classes because, *inter alia*, all Class members were injured through the uniform misconduct described above and have mortgages serviced by LoanCare just like Plaintiff, and Plaintiff is advancing the same claims and legal theories on behalf of herself and all Class Members. It is well known in the mortgage industry that mortgages generally do not expressly authorize processing fees to be charged in order to make a payment online or over the phone.

E. **Adequacy of Representation**

25. Plaintiff will fairly and adequately protect the interests of the Class members. Plaintiff has retained counsel experienced in complex consumer class action litigation, and Plaintiff intends to prosecute this action vigorously. Plaintiff has no adverse or antagonistic interests to those of the Florida Classes. Plaintiff anticipates no difficulty in the management of this litigation as a class action. To prosecute this case, Plaintiff has chosen the undersigned law firms, which have the financial and legal resources to meet the substantial costs and legal issues associated with this type of consumer class litigation.

F. **Requirements of Fed. R. Civ. P. 23(b)(3)**

26. The questions of law or fact common to Plaintiff's and each Class member's claims predominate over any questions of law or fact affecting only individual members of the Class. All claims by Plaintiff and the unnamed Class members are based on the common course of conduct by LoanCare to charge illegal "processing fees" to Plaintiff and the unnamed Class members.

27. Common issues predominate when, as here, liability can be determined on a class-wide basis, even when there will be some individualized damages determinations.

28. As a result, when determining whether common questions predominate, courts focus on the liability issue, and if the liability issue is common to the Class as is in the case at bar, common questions will be held to predominate over individual questions.

G. **Superiority**

29. A class action is superior to individual actions in part because of the non-exhaustive factors listed below:

   (a) Joinder of all Class members would create extreme hardship and inconvenience for the affected customers as they reside throughout the country;

   (b) Individual claims by Class members are impractical because the costs to pursue individual claims exceed the value of what any one Class member has at stake. As

(a) a result, individual Class members have no interest in prosecuting and controlling separate actions;

(c) There are no known individual Class members who are interested in individually controlling the prosecution of separate actions;

(d) The interests of justice will be well served by resolving the common disputes of potential Class members in one forum;

(e) Individual suits would not be cost effective or economically maintainable as individual actions; and

(f) The action is manageable as a class action.

### H. Requirements of Fed. R. Civ. P. 23(b)(2)

30. LoanCare has acted and refused to act on grounds generally applicable to the classes by engaging in a common course of conduct by LoanCare to charge illegal "processing fees" to Plaintiff and the unnamed Class members, thereby making appropriate final injunctive relief with respect to the classes as a whole.

## COUNT I
### For Violations of the Florida Consumer Collection Practices Act, § 559.55, Florida Statutes, *et seq.*
### (On behalf of Plaintiff and Members of the Florida Classes)

31. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1–30 as if fully set forth herein.

32. This cause of action is brought pursuant to the Florida Consumer Collection Practices Act, section 559.55, Fla. Stat., *et seq*.

33. At all times material, Plaintiff and the members of the Florida Classes were "debtors" or "consumers" as defined in section 559.55(8), Florida Statutes, because each was a natural person obligated to pay the mortgage debts at issue.

34. At all times material, Plaintiff's and the Florida Classes' debts were "debts" or "consumer debts" as defined in section 559.55(6), Florida Statutes, because they were each an obligation of a consumer to pay money arising out of a transaction in which the property that was the subject of the transaction was primarily for personal, family, or household purposes.

35. Section 559.72(9) provides that "[i]n collecting consumer debts, no person shall [c]laim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist."

36. The "processing fees" charged to Plaintiff and members of the Florida Classes were incidental to the consumer debts.

37. However, Defendant had no legal right to seek collection of (or to actually collect) any "processing fees" from Plaintiff and members of the Florida Classes. Defendant had and still has the underlying contracts in its possession, custody or control, which do not expressly authorize the "processing fees," and Defendant therefore had actual knowledge that is had no legal right to collect the processing fees.

38. Defendant had actual knowledge that the "processing fee" is not authorized by the mortgage contracts of Plaintiff and the members of the Florida Classes or by Florida law, and therefore knowingly violated Section 559.72(9), Florida Statutes, by claiming and attempting to enforce a debt which was not legitimate and not due and owing.

39. As a direct and primary result of Defendant's FCCPA violations, Plaintiff and others similarly situated have been harmed. Plaintiff and the Class members are entitled to actual damages, statutory damages, declaratory and injunctive relief, and attorney's fees and costs pursuant to Fla. Stat. § 559.77(2).

**COUNT II**
**For Violations of the Florida Deceptive and Unfair Trade Practices Act,**
**§ 501.201, Florida Statutes, *et seq.***
**(On behalf of Plaintiff and Members of the Florida Classes)**

40. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1–30 as if fully set forth herein.

41. This cause of action is brought pursuant to the Florida Deceptive and Unfair Trade Practices Act, section 501.201, Fla. Stat., *et seq*. The stated purpose of the FDUTPA is to "protect the consuming public . . . from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce." § 501.202(2), Fla. Stat.

42. Plaintiff and Class members are consumers as defined by section 501.203, Fla. Stat. LoanCare is engaged in trade or commerce within the meaning of the FDUTPA.

43. Florida Statute section 501.204(1) declares unlawful "[u]nfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce."

44. LoanCare's unfair and deceptive practices as described herein are objectively likely to mislead – and have misled – consumers acting reasonably in the circumstances.

45. LoanCare has violated the FDUTPA by engaging in the unfair and deceptive practices as described herein, which offend public policies and are immoral, unethical, unscrupulous and injurious to consumers.

46. Plaintiff and Class members are consumers who have been aggrieved LoanCare's unfair and deceptive practices by paying a "processing fee" to LoanCare for making a payment over the phone or online in connection with their residential mortgage loans owned or serviced by LoanCare.

47. The harm suffered by Plaintiffs and consumers in the Classes was directly and proximately caused by the deceptive and unfair practices of LoanCare, as more fully described herein.

48. Pursuant to sections 501.211(2) and 501.2105, Fla. Stat., Plaintiff and consumers in the Classes make claims for actual damages, attorneys' fees and costs.

49. LoanCare still utilizes many of the deceptive acts and practices described above and is still secretly retaining money from every "processing fee" it charges consumers. Plaintiff and Class members have suffered and will continue to suffer irreparable harm if LoanCare continues to engage in such deceptive, unfair, and unreasonable practices. Section 501.211(1) entitles Plaintiff and Class members to obtain both declaratory or injunctive relief to put an end to LoanCare's unfair and deceptive scheme.

## COUNT III
### Breach of Contract
**(On behalf of Plaintiff and Members of the Florida Classes)**

50. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1–30 as if fully set forth herein.

51. Plaintiff's mortgage contract and the mortgage contracts of members of the Florida Classes do not provide for or authorize a "processing fee."

52. Defendant, in servicing the mortgage loans of Plaintiff and members of the Florida Classes, sought to collect, and did in fact collect from Plaintiffs and members of the Florida Classes, a "processing fee" not provided for or authorized in the mortgage contracts.

53. In collecting a "processing fee" not authorized or agreed to in the mortgage contracts, Defendant breached the mortgage contracts.

54. As a direct and proximate result of Defendant's breach, Plaintiff and members of the Florida Classes suffered actual damages, in the form of payment of non-contractual "processing fees."

## COUNT IV
### Unjust Enrichment
### (On behalf of Plaintiff and Members of the Florida Classes)

55. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1–30 as if fully set forth herein.

56. Plaintiff pleads this count for unjust enrichment in the alternative to her count for breach of contract.

57. LoanCare charged Plaintiff and members of the Florida Classes a "processing fee" for payments made on their debts, and such fee was not authorized under the mortgage contracts entered into or by Florida law.

58. Plaintiff and consumers in the Florida Classes conferred upon LoanCare non-gratuitous payments of the "processing fees." LoanCare appreciated, accepted and/or retained, in whole or in part, the non-gratuitous benefits conferred by Plaintiff and members of the Florida Classes, with full knowledge and awareness that the "processing fees" were not authorized by the mortgage contracts or by Florida law.

59. LoanCare profited from its unlawful collection and retention of the "processing fees" it charged at the expense of Plaintiff and members of the Florida Classes, under circumstances in which it would be unjust for LoanCare to be permitted to retain the benefit. Under common law principles of unjust enrichment, LoanCare should not be permitted to retain the benefits of this unjust enrichment.

60. Because LoanCare's retention of the non-gratuitous benefits conferred by Plaintiff and members of the Florida Classes is unjust and inequitable, Plaintiff and members of the Florida Classes are entitled to, and hereby seek disgorgement and restitution of LoanCare's wrongful profits, revenue, and benefits in a manner established by the Court.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for a judgment:

a. Certifying the Florida Classes as requested herein;

b. Awarding Plaintiff and members of the Florida Classes actual and statutory damages;

c. Awarding restitution and disgorgement of Defendant's revenues to Plaintiff and consumers in the Florida Classes;

d. Awarding declaratory and injunctive relief as permitted by law or equity, including declaring LoanCare's practices as set forth herein to be unlawful and enjoining LoanCare from continuing those unlawful practices as set forth herein, and directing LoanCare to identify, with Court supervision, victims of its conduct and pay them all money it is required to pay;

e. Awarding statutory damages, as appropriate;

f. Awarding attorneys' fees and costs; and

g. Providing such further relief as may be just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial as to all claims so triable.

Dated: May 1, 2020.                          Respectfully submitted,

By: */s/ Adam Moskowitz*
  Adam Moskowitz, Esq.
  Florida Bar No. 984280
  adam@moskowitz-law.com
  Joseph M. Kaye, Esq.
  Florida Bar No. 117520
  joseph@moskowitz-law.com
  Barbara C. Lewis, Esq.
  Florida Bar No. 118114
  barbara@moskowitz-law.com
  **THE MOSKOWITZ LAW FIRM, PLLC**
  2 Alhambra Plaza, Suite 601
  Coral Gables, FL 33134
  Telephone: (305) 740-1423
  *Counsel for Plaintiff and the Class*