UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-21837-CIV-ALTONAGA/Goodman

**DONNA ALVAREZ**,

    Plaintiff,

v.

**LOANCARE LLC**,

    Defendant.

_____ /

## ORDER

**THIS CAUSE** came before the Court at an August 11, 2020 Hearing [ECF No. 30] on Defendant, LoanCare LLC's Dispositive Motion to Dismiss Plaintiff's Complaint [ECF No. 7], filed on May 27, 2020. The Court has considered Plaintiff, Donna Alvarez's Complaint [ECF No. 1]; the Motion; Alvarez's Response [ECF No. 17]; LoanCare's Reply [ECF No. 18]; Notices of Supplemental Authority [ECF Nos. 21, 22]; the record; and applicable law.

### I.   BACKGROUND

Alvarez brings this putative class action challenging the collection of processing fees by LoanCare, a mortgage servicer. (*See generally* Compl.). Alvarez owns a home subject to a mortgage serviced by LoanCare. (*See id.* ¶¶ 5, 13–14). LoanCare charged Alvarez processing fees for making mortgage payments online or by phone. (*See id.* ¶ 15). Alvarez alleges LoanCare's processing fees are not authorized by the mortgage or by applicable law. (*See id.* ¶¶ 14, 16).

On May 1, 2020, Alvarez filed her Complaint asserting four claims: Violations of the Florida Consumer Collection Practices Act, section 559.55 *et seq.*, Florida Statutes ("FCCPA") (Count I) (*see id.* ¶¶ 31–39); Violations of the Florida Deceptive and Unfair Trade Practices Act, section 501.201 *et seq.*, Florida Statutes ("FDUTPA") (Count II) (*see id.* ¶¶ 40–49); Breach of

Contract (Count III) (*see id.* ¶¶ 50–54); and Unjust Enrichment (Count IV) (*see id.* ¶¶ 55–60).

LoanCare moved to dismiss all counts, arguing Alvarez's claims are moot, Alvarez failed to comply with the mortgage's notice and cure provision, and Alvarez fails to state claims upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). (*See generally* Mot.). Alvarez opposed the Motion, requesting oral argument. (*See* Resp. 14). At the August 11, 2020 Hearing, the Court dismissed Count III (breach of contract) and Count IV (unjust enrichment) with leave for Alvarez to amend and address the deficiencies identified by LoanCare, including the mootness issue. The Court now addresses whether Alvarez states claims for which relief can be granted in Count I (FCCPA) and Count II (FDUTPA).

## II. LEGAL STANDARD

"To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (alteration added) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (alteration added) (quoting *Twombly*, 550 U.S. at 555). Pleadings must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted). Indeed, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 556).

To meet this "plausibility standard," a plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (alteration added) (citing *Twombly*, 550 U.S. at 556). "The mere possibility the

2

defendant acted unlawfully is insufficient to survive a motion to dismiss." *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1261 (11th Cir. 2009) (citation omitted), *abrogated on other grounds by Mohamad v. Palestinian Auth.*, 566 U.S. 449 (2012).

When reviewing a motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff and take the factual allegations therein as true. *See Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997) (citation omitted).

### III.   DISCUSSION

**A.   Count I: FCCPA**

At the Hearing, Alvarez clarified she is only bringing a claim in Count I under the second clause of section 559.72(9), Florida Statutes, which states: "In collecting consumer debts, no person shall . . . assert the existence of some [] legal right when such person knows that the right does not exist." *Id.* (alterations added). LoanCare argues Alvarez fails to state a claim for which relief can be granted because (1) the FCCPA's prohibited practices do not apply to mortgage loan servicers in the circumstances of the present action; and (2) Alvarez fails to adequately plead LoanCare asserted a legal right it knew did not exist. (*See* Mot. 5–15).[1] Neither argument is persuasive.

   **1.   *The FCCPA Prohibits Practices of All Persons Collecting Consumer Debts.***

LoanCare contends the FCCPA exempts loan servicers like LoanCare from the act's prohibitions. (*See* Mot. 7). LoanCare points to similarities in the federal Fair Debt Collection Practices Act ("FDCPA") and the FCCPA, both of which exclude from the definition of "debt collector" persons collecting debts which were "not in default at the time it was obtained by such person." (*Id.* (quotation marks and bold omitted; quoting Fla. Stat. § 559.55(7)(f); 15 U.S.C.

---

[1] The Court relies on LoanCare's bottom-of-page pagination in referencing LoanCare's Motion and Reply.

§ 1692a(6)(F)(iii))). According to LoanCare, this "loan servicer exemption" requires dismissal of the FCCPA claim because Alvarez does not allege that her loan was in default when it was obtained by LoanCare. (*See id.* 7–9 (citing cases)).

Alvarez insists the FCCPA's prohibitions apply to all "persons" and is not restricted to statutorily defined debt collectors. (*See* Resp. 6–7 (citing *Gann v. BAC Home Loans Servicing LP*, 145 So. 3d 906 (Fla. 2d DCA 2014); *Morgan v. Wilkins*, 74 So. 3d 179 (Fla. 1st DCA 2011); and *Schauer v. Gen. Motors Acceptance Corp.*, 819 So. 2d 809 (Fla. 4th DCA 2002))). LoanCare, detailing the FCCPA's legislative history and comparing it to that of the FDCPA, argues applying the FCCPA's proscriptions to any person renders meaningless the FCCPA's debt collector definition and its "loan servicer exemption." (*See* Mot. 9–15; Reply 5–6).

The Eleventh Circuit squarely addressed this issue in *Agrelo v. Affinity Management Services, LLC*. *See* 841 F.3d 944, 952–53 (11th Cir. 2016). In *Agrelo*, the district court, analogizing to authority applying the FDCPA, determined the defendant was not liable under the FCCPA because the defendant did not meet the FCCPA's definition of debt collector. *See Agrelo v. Meloni Law Firm*, No. 14-21192-Civ, 2015 WL 10791989, at *4–5 (S.D. Fla. Jan. 30, 2015) (citing *Madura v. Lakebridge Condo. Ass'n Inc.*, 382 F. App'x 862, 864 (11th Cir. 2010)), *rev'd in part*, *vacated in part sub nom. Agrelo*, 841 F.3d 944. The Eleventh Circuit reversed:

> [T]he district court erroneously held that because [the defendant] was not a "debt collector" under the FCCPA, it could not be liable for violating the statute. Although the FCCPA is modeled after the FDCPA, the two statutes are not identical in all respects. Unlike the FDCPA, the FCCPA's proscriptions are "not limited to debt collectors." [The defendant] is not exempt from the FCCPA simply because it is not a statutorily defined debt collector.

*Agrelo*, 841 F.3d at 952–53 (alterations added; quoting *Schauer*, 819 So. 2d at 812 n.1).

The Eleventh Circuit's decision in *Agrelo* is controlling: the FCCPA's proscriptions apply to any "person," even those that are not "debt collectors" under the statute. Fla. Stat. § 559.72; *see*

4

*also Agrelo*, 841 F.3d at 952–53. The Court now considers LoanCare's second basis for seeking dismissal of Count I, whether Alvarez otherwise states an FCCPA claim.

### 2. *Alvarez Plausibly Pleads LoanCare Violated the FCCPA.*

In Count I, Alvarez alleges LoanCare asserted a legal right that it knew did not exist, thereby violating section 559.72(9), Florida Statutes. (*See* Compl. ¶¶ 35, 37–38). Tersely, Alvarez alleges: (1) LoanCare collected processing fees for making payments online or by phone (*see id.* ¶ 15); (2) LoanCare had no legal right to collect these processing fees because they were not authorized by the mortgage or by law (*see id.* ¶¶ 14, 37); and (3) LoanCare knew it had no legal right to collect the processing fees because it had the mortgages in its control, and the mortgages do not authorize the fees (*see id.* ¶¶ 37–38). LoanCare argues that with these sparse allegations, Alvarez fails to state "any assertions by LoanCare at all, let alone the assertion of a legal right that LoanCare knew did not exist." (Mot. 7).

As an initial matter, the Court finds Alvarez sufficiently alleges LoanCare's assertion of a legal right. Alvarez's pleading burden is met if she pleads facts allowing the Court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). The Court must also construe Alvarez's allegations in the light most favorable to her. *See Brooks*, 116 F.3d at 1369 (citation omitted). By *charging* processing fees, the Court infers LoanCare's *assertion of the right* to charge those fees.

Regarding the adequacy of Alvarez's allegation that LoanCare knew the right to charge those fees did not exist, *Garay v. Select Portfolio Servicing, Inc.* is instructive. *See generally* No. 19-cv-23323, R. & R. on Def.'s Mot. to Dismiss [ECF No. 52] (S.D. Fla. Aug. 6, 2020). In *Garay*, the court analyzed a virtually identical complaint regarding unauthorized fees and arguments relating to the sparseness of the allegations. *See id.* at *12 ("[The defendant] argues that [the

5

plaintiff's] FCCPA claim should be dismissed because the allegations [] [the defendant] had actual knowledge of any unlawful conduct are conclusory and implausible." (alterations added)). As in the present case, the plaintiff alleged the defendant had knowledge of its unlawful conduct because the defendant had in its possession the mortgage, which did not permit charging the allegedly unlawful fees. *See id.* at *13. The magistrate judge examined the mortgage at issue — nearly identical to Alvarez's mortgage — and determined it was both plausible the fees were unlawful and that the defendant's possession of the mortgage showed it had knowledge the fees were unlawful. *See id.* at *18 ("In arguing [] [the defendant] knowingly charged improper processing fees, [the plaintiff] establishes a plausible allegation which is supported with the circumstantial evidence [the defendant] had actual knowledge of the violation by having the mortgage in [its] 'possession, custody or control'" (alterations added)); *see also Blake v. Seterus, Inc.*, No. 16-21225-Civ, 2017 WL 543223, at *3 (S.D. Fla. Feb. 9, 2017) (pleading circumstantial facts demonstrating actual knowledge of an FCCPA violation is sufficient).

The Court applies the reasoning in *Garay* to the present case and concludes Alvarez adequately pleads an FCCPA claim in Count I.

**B.     Count II: FDUTPA**

In Count II, Alvarez succinctly states LoanCare "violated the FDUTPA by engaging in the unfair and deceptive practices as described [in the Complaint.]" (Compl. ¶ 45 (alteration added)). Reading the Complaint in the light most favorable to Alvarez, as the Court must do, the alleged unfair and deceptive practices are LoanCare's charging processing fees it knew it did not have a right to charge; and "secretly retaining money from every 'processing fee' [LoanCare] charges consumers" instead of passing the entire fee to a third-party payment processor. (Compl. ¶ 49 (alteration added); *see also* ¶¶ 14–16, 18, 46).

6

The FDUTPA provides a cause of action for "[u]nfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce[.]" Fla. Stat. § 501.204(1) (alterations added). FDUTPA claims may be premised on *per se* violations or traditional violations. *See Blair v. Wachovia Mortg. Corp.*, 11-cv-566, 2012 WL 868878, at *3 (M.D. Fla. Mar. 14, 2012). "[A] per se violation of [the] FDUTPA stems from the transgression of any law, statute, rule, regulation, or ordinance which proscribes unfair methods of competition or unfair, deceptive, or unconscionable acts or practices." *Id.* (alterations adopted; other alterations added; quotation marks and citations omitted). A traditional violation is a deceptive act or unfair practice, separate from a predicate statutory violation. *See id.* Under the FDUTPA, a deceptive act or unfair practice is "one that offends established public policy and one that is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers[;]" or a "representation, omission, or practice that is likely to mislead the consumer acting reasonably in the circumstances, to the consumer's detriment." *PNR, Inc. v. Beacon Prop. Mgmt., Inc.*, 842 So. 2d 773, 777 (Fla. 2003) (quotation marks and citations omitted).

LoanCare argues Alvarez fails to state a FDUTPA claim because (1) none of the alleged misconduct occurred "in the conduct of any trade or commerce"; (2) the "bare bone, conclusory" allegations fail to meet federal pleading standards generally or the heightened pleading standards for fraud under Federal Rule of Civil Procedure 9(b); and (3) to the extent Alvarez alleges a *per se* violation based on the FCCPA, such an allegation fails to state a claim because Alvarez does not adequately plead an FCCPA claim and the FCCPA is not a valid FDUTPA predicate. (Mot. 15–18 (quoting Fla. Stat. § 501.204(1); *see also* Reply 6–9). The Court addresses each argument in turn.

### 1. *Charging fees for processing payments by phone or online is trade or commerce under the FDUTPA.*

FDUTPA violations are limited to conduct occurring in trade or commerce. *See* Fla. Stat. § 501.204. "'Trade or commerce' means the advertising, soliciting, providing, offering, or distributing, whether by sale, rental, or otherwise, of any good or service, or any property, whether tangible or intangible, or any other article, commodity, or thing of value, wherever situated." *Id.* § 501.203(8).

Most courts discussing the issue have held that, generally, loan or mortgage servicing and debt collection are not trade or commerce under the FDUTPA. *See Cornette v. I.C. Sys., Inc.*, 280 F. Supp. 3d 1362, 1373 (S.D. Fla. 2017) (collecting cases). However, billing for services *separate* from loan servicing does meet the FDUTPA's trade or commerce definition. *See Alhassid v. Bank of Am., N.A.*, 60 F. Supp. 3d 1302, 1324 (S.D. Fla. 2014) (finding a mortgage servicer's billing of property inspections and property appraisals a "separate offer or provision of services within the meaning of [the] FDUTPA" (alteration added)); *Martorella v. Deutsche Bank Nat'l Tr. Co.*, 931 F. Supp. 2d 1218, 1224 (S.D. Fla. 2013) (determining mortgage servicer's provision of property insurance meets the FDUTPA's trade or commerce definition).

Alvarez alleges she was charged processing fees for making a mortgage payment to LoanCare over the phone or online. (*See* Compl. ¶ 15). This "point-of-sale fee for a requested-and-performed service[,]" "an optional service that the borrower chose for her convenience[,]" is a service separate from loan servicing itself. (Reply 1 (alterations adopted or added; quoting *Waddell v. U.S. Bank Nat'l Ass'n*, 395 F. Supp. 3d 676, 684 (E.D.N.C. 2019))). Because the alleged service — processing payments over the phone or online — is separate from loan servicing, charging processing fees for that service qualifies as conduct in trade or commerce under the FDUTPA. *See Alhassid*, 60 F. Supp. 3d at 1324.

### 2. *Alvarez's Allegations Meet Her Pleading Burden.*

To survive a motion to dismiss, a plaintiff bringing a FDUTPA claim is "required to allege only a short and plain statement sufficient to put [the defendant] on fair notice of its cause of action." *Sundance Apartments I, Inc. v. Gen. Elec. Capital Corp.*, 581 F. Supp. 2d 1215, 1221 (S.D. Fla. 2008) (alteration added; citing *Twombly*, 550 U.S. at 555). "Often, claims under the FDUTPA are not premised on allegations of fraud, and thus need not be stated with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure." *Runton v. Brookdale Senior Living, Inc.*, No. 17-60664-Civ, 2017 WL 7311877, at *2 (S.D. Fla. July 10, 2017) (quotation marks and citations omitted).

Alvarez alleges LoanCare is charging unauthorized and unlawful processing fees and deceptively retaining portions of those fees as profit instead of passing through the entire amounts to third-party payment processors. (*See* Compl. ¶¶ 14–16, 18, 46, 49). These short and plain statements suffice to give notice of the cause of action. *See Sundance Apartments*, 581 F. Supp. 2d at 1221. Furthermore, Alvarez's claims do not sound in fraud — she alleges unfair or deceptive practices by LoanCare, but the deception is more in the nature of non-disclosure or concealment of misconduct, as opposed to misrepresentations relied upon by Alvarez to her detriment. Particularity is thus not an issue here. In other words, "because a FDUTPA claim, which proscribes conduct outside the reach of traditional common law torts like fraud, is not subject to the heightened pleading standard of Rule 9(b), it cannot serve as a basis for granting [LoanCare's] current Motion." *Eli Lilly & Co. v. Tyco Integrated Sec., LLC.*, No. 13-80371-Civ, 2015 WL 11251732, at * 3–4 (S.D. Fla. Feb. 10, 2015) (alteration added; quotation marks and citation omitted; collecting cases).

      *3.*      *Alvarez States a per se FDUTPA Violation.*

LoanCare contends Alvarez cannot rely on allegations of violating the FCCPA as a predicate for a *per se* FDUTPA violation for two reasons. First, the FCCPA violation in Count I fails as a matter of law; and second, violating the FCCPA is not a valid FDUTPA predicate. (*See* Mot. 16–17; Reply 7). As already stated, Alvarez does state an FCCPA violation in Count I, so Alvarez's first argument fails.

A *per se* FDUTPA violation may be implied by a statute if it proscribes "unconscionable, deceptive, or unfair acts or practices[.]" *State Farm Mut. Auto. Ins. v. Performance Orthapaedics & Neurosurgery, LLC*, 315 F. Supp. 3d 1291, 1306 (S.D. Fla. 2018) (alteration added; quotation marks and citation omitted)). Whether a statute is a valid FDUTPA predicate, then, depends on the specific conduct prohibited by the statute.

Alvarez's FCCPA claim is premised on the second clause of section 559.72(9), Florida Statutes: "In collecting consumer debts, no person shall . . . assert the existence of some [] legal right when such person knows that the right does not exist." *Id.* (alterations added). Knowingly asserting a non-existent legal right in the course of debt collection is "unconscionable, deceptive, [and] unfair[;]" a statute prohibiting this conduct is thus a valid FDUTPA predicate. *State Farm Mut. Auto. Ins.*, 315 F. Supp. 3d at 1306 (alterations added); *see also Jones v. TT of Longwood, Inc.*, No. 606cv-651, 2006 WL 2789140, at *6 (M.D. Fla. Sept. 26, 2006) (asserting a legal right that does not exist during the course of debt collection under the FCCPA would be a valid FDUTPA predicate).

In short, Count II survives LoanCare's Motion; Alvarez adequately pleads both a traditional violation and a *per se* violation, alleging misconduct in trade or commerce.[2]

## IV.    CONCLUSION

For the foregoing reasons, and for the reasons stated at the August 11, 2020 Hearing, it is

**ORDERED** and **ADJUDGED** that Defendant, LoanCare LLC's Dispositive Motion to Dismiss Plaintiff's Complaint **[ECF No. 7]** is **GRANTED in part** and **DENIED in part**, as follows:

1. The Motion is **DENIED** as to Counts I and II.

2. The Motion is **GRANTED** as to Counts III and IV, which are **DISMISSED without prejudice**.  Plaintiff, Donna Alvarez, is granted leave to amend to address the pleading deficiencies identified by LoanCare, including the issue of mootness.

3. Alvarez's amended complaint, or her notice of intent to proceed with Counts I and II in the Complaint **[ECF No. 1]**, shall be filed by **September 4, 2020**.

4. LoanCare's response shall be filed within 14 days after Alvarez files her amended complaint or notice.

**DONE AND ORDERED** in Miami, Florida, this 28th day of August, 2020.

*[signature]*

**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc:    counsel of record

---

[2] LoanCare describes being surprised by Alvarez's allegations, specifically because LoanCare states it does not rely on third-party payment processors — so there can be no merit to accusations LoanCare is deceptively retaining processing fees instead of paying the fees to (non-existent) payment processors. (*See* Mot. 16).  This is an issue of fact that the Court does not consider on a motion to dismiss.